IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 05-30091-GPM |
| | ) |
| AJA BLOUNT, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This action is before the Court on a motion for new trial filed by counsel for Defendant, Aja Blount, on August 16, 2006 (Doc. 80),[1] and the Government's response to the motion filed on September 14, 2006 (Doc. 83). The Court will rule on the motion without a hearing.

### BACKGROUND

Aja Blount was charged in a criminal complaint on May 5, 2005 (Doc. 1). A federal grand jury sitting in this district returned a two-count indictment against Blount on May 17, 2005, charging him with the crimes of possession with intent to distribute five (5) grams or more of a mixture or substance containing crack cocaine (Count 1) and possession of a firearm by a convicted felon (Count 2) (*see* Doc. 11). On June 29, 2005, the Government filed an information to establish a prior offense pursuant to 21 U.S.C. § 851 (Doc. 18). A superseding indictment returned on July 12, 2006, added two counts: possession of a firearm in furtherance of a drug-trafficking crime (Count 3) and

---

[1] Blount timely requested an extension of time to file a motion for new trial. The Court granted his request on July 26, 2006, and his motion was timely filed.

forfeiture of a firearm (Count 4) (*see* Doc. 54).

A jury trial commenced on July 18, 2006, and ended with a verdict of guilty on all counts and a special verdict that the amount of crack cocaine involved was at least 5 grams (*see* Docs. 73-76).  Sentencing is set for October 23, 2006.

## ANALYSIS

Blount moves for a new trial on a number of grounds.  Rule 33 of the Federal Rules of Criminal Procedure allows a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33.  Such motions are disfavored, however, and they are properly granted only in the most extreme cases.  *See United States v. Linwood*, 142 F.3d 418, 422 (7th Cir. 1998).

Blount presents the following alleged errors:

1. The denial of his motion for judgment of acquittal at the conclusion of the Government's case;

2. The guilty verdicts are not supported by substantial evidence;

3. The denial of his motion to suppress physical evidence;

4. The admission into evidence, over objection, of physical evidence that the Government allegedly found pursuant to the execution of a search warrant;

5. The denial of his motion to suppress statements;

6. The admission into evidence, over objection, of statements he made after his arrest while in custody at 1100D Arrowhead regarding the ownership and occupancy of the residence;

7. The admission into evidence, over objection, of statements he made after his arrest while at the Collinsville, Illinois, Police Department, subsequent to exercising his right to remain silent, including statements made before and during a videotaped statement;

8. The denial of his motion *in limine* regarding 404(b) evidence; and

9. The admission into evidence, over objection, of the testimony of Christopher Gardner.

None of these alleged errors justifies the extraordinary remedy of a new trial. Blount fails to explain how the Court erred in denying his motion for acquittal, and he provides no basis for this claim. Having heard all of the evidence against Blount, this Court finds that each verdict was supported by strong evidence, and the verdicts are far from being against the weight of the evidence. As the Government points out in its response, the conviction on Count 1 (possession with intent to distribute five (5) grams or more of a substance containing cocaine base, in the form commonly known as "crack" cocaine) was supported by the testimony of Eric Herman, Brett Boerm, D'Wayne Abrams, Jeff Matthews, and Christopher Gardner. Similarly, the conviction on Count 2 (possession of a firearm by a convicted felon) is supported by substantial evidence, including the testimony of Eric Herman, Brett Boerm, Jeff Mathews, David Cline, Christopher Gardner, and Thomas Gamboe. The conviction on Count 3 (possession of a firearm in furtherance of a drug trafficking crime) was supported by the Jennings 9 mm semi-automatic pistol introduced into evidence by the Government, as well as Blount's videotaped statement and the testimony of the witnesses just mentioned. The Court would have been surprised if the jurors had decided the case differently; there is no sufficient reason to disturb the jury verdicts.

The Court disagrees with Blount's contention that it erred in denying his various pretrial evidentiary motions. For the reasons stated then, the physical evidence seized by the Government pursuant to execution of the search warrant, the statements made by Blount regarding the ownership and occupancy of the residence where he was arrested, and the statements made to the Government before and during the videotaped statement taken at the jail were admissible. Blount fails to provide anything to change the Court's analysis of these issues.

The Court also finds that the testimony of Christopher Gardner and the resulting 404(b) evidence was properly admitted. Gardner was a credible witness, and Blount offers nothing to convince the Court that its 404(b) analysis was erroneous.

Finally, the Court notes that Blount has filed a *pro se* motion to reconsider the Court's denial of defense counsel's motion to withdraw (Doc. 86), and defense counsel has again asked to withdraw (Doc. 87). Appointed counsel, Michael Ghidina, is the third lawyer this Court has appointed to represent Blount (*see* Docs. 22, 36, and 42). Blount's complaints about his lawyer no longer have credibility with the Court; he has been displeased every step of the way. Blount's problem was the crushing weight of the Government's case against him, not anything his lawyer did or didn't do. From what the Court observed at the trial and before, counsel performed far above the level of what is considered effective legal representation. All that remains to be done in this Court is the sentencing hearing, and trial counsel is in the best position to represent Blount at that proceeding.

## CONCLUSION

For the foregoing reasons, the motion for new trial (Doc. 80), the motion to reconsider (Doc. 86), and the motion to withdraw (Doc. 87) are **DENIED**. Sentencing remains set for **Monday, October 23, 2006, at 9 a.m.**

**IT IS SO ORDERED.**

DATED:  9/29/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge